13-452 (L)
Mears v. Montgomery

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 12th day of May, two thousand fourteen.

Present:　　　JOHN M. WALKER, JR.,
　　　　　　　ROSEMARY S. POOLER,
　　　　　　　RICHARD C. WESLEY,
　　　　　　　　　*Circuit Judges*.

─────────────────────────────────────────────

ERVIN MEARS, JR.,

　　　　　　　*Plaintiff-Counter-Defendant-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　13-452 (L)

GLEN MONTGOMERY, THE INTRUDERS, INC.,

　　　　　　　*Defendants-Appellees*.[1]

─────────────────────────────────────────────

Appearing for Appellant:　　　Ervin Mears,  Lawnside, N.J.

Appearing for Appellees:　　　Teri-Lynn Evans, Dechert LLP, Philadelphia, PA.

Appeal from the United States District Court for the Southern District of New York (Dolinger, *M.J.*).

─────────────────────

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED.**

Ervin Mears, proceeding *pro se*, appeals from the January 4, 2013 memorandum and order of the United States District Court for the Southern District of New York (Dolinger, *M.J.*) denying his motion for declaratory relief and modification of an earlier order of the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On May 16, 2006, the district court issued an injunction enjoining Mears from using "the mark The Intruders and any derivative or similar mark likely to cause confusion." In September 2012, Mears moved in the district court for "Declaratory Relief and Clarification and Modification of Court Order and Judgment May 16, 2006." His motion asked the district court to "clarify" the May 16, 2006 injunction to define what rights, if any, he had to use The Intruders mark, and also sought the district court's prospective permission to use certain terms. The district court denied the motion in its order filed January 4, 2013, finding that clarification was unnecessary given that the injunction was unambiguous, and that the "blanket endorsement" of Mears's proposed terms "would amount to an impermissible advisory opinion."

In the appeal docketed under No. 13-452, we affirm the district court for the reasons set forth in its thorough and well-reasoned order denying the motion. In that appeal, Mears also appeals from the district court's refusal to hold opposing counsel in contempt. We again affirm. Given that counsel filed a timely response to Mears's motion, the district court did not abuse its discretion in declined to hold opposing counsel in contempt. *See Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 285 (2d Cir. 2008) (abuse of discretion standard applies to denial of civil contempt petition).

We have examined the rest of Mears's arguments, and find them to be without merit. For the foregoing reasons, the judgment of the district court in Docket No. 13-452 is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk